**FILED**
**Jun 01, 2023**
**07:02 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



**TENNESSEE BUREAU OF WORKERS' COMPENSATION**
**IN THE COURT OF WORKERS' COMPENSATION CLAIMS**
**AT JACKSON**

| | | |
|---|---|---|
| **CARLTON LUCIA, JR.,** | ) | **Docket No. 2020-07-0349** |
| **Employee,** | ) | |
| **v.** | ) | **State File No. 53823-2021** |
| **DSV SOLUTIONS, INC.,** | ) | |
| **Employer,** | ) | **Judge Robert Durham** |
| **And** | ) | |
| **VAN LINER INS. CO.,** | ) | |
| **Insurer.** | ) | |

---

### EXPEDITED HEARING ORDER FOR MEDICAL BENEFITS

---

This Court held an Expedited Hearing on May 25, 2023. Mr. Lucia asked that DSV Solutions be required to pay for right carpal tunnel release surgery that he asserts was made necessary by complications after treatment for his work-related injury. The Court holds that he is entitled to the surgery.

### History of Claim

On June 10, 2021, Mr. Lucia injured his right hand while trying to close a trailer door with a bent lock that refused to shut. He felt an "electrical shock" in his hand, and immediate pain and decreased range of motion in his wrist and thumb. Mr. Lucia testified he had no problems with his right hand and wrist before the injury.

When conservative care did not relieve his symptoms, Mr. Lucia chose Dr. Blake Chandler as his authorized orthopedist, but he did not see him until September. X-rays showed a partially healed scaphoid (one of the carpal bones of the wrist) fracture, and an MRI revealed that the scaphoid was "starting to crumble" from lack of blood supply and severe arthritic changes. These conditions caused Mr. Lucia's wrist to lock up, and Dr. Chandler referred him to hand specialist Dr. Michael Dolan.

Dr. Dolan noted limited range of motion, tenderness, and mild swelling over the scaphoid. A CT scan confirmed a fracture and bone tissue death, for which Dr. Dolan

1

recommended surgery. As for causation, Dr. Dolan said the fracture was conceivably a new injury, but the age remained uncertain. However, the work injury at least represented an "aggravation, which is a permanent worsening" of the scaphoid's deterioration.

After a utilization review, Mr. Lucia underwent surgery in November to repair the wrist fracture and arthritis. Dr. Dolan determined he could not repair the scaphoid, so he removed it, along with two other carpal bones, to create space between the forearm and the other wrist bones.

Dr. Dolan's follow-up exam revealed diffuse swelling, but otherwise Mr. Lucia was recovering well. Dr. Dolan placed a cast around the wrist and recommended no use of the right hand. Two weeks later, Dr. Dolan observed tenderness, limited range of motion, and mild swelling. He placed Mr. Lucia in a custom splint and ordered hand therapy. In February, Mr. Lucia still had some loss of motion, but Dr. Dolan recorded no swelling and little pain. He prescribed steroids and released Mr. Lucia to return to work full duty in February, 2022.

When Mr. Lucia returned to Dr. Dolan in March, he reported swelling. He told Dr. Dolan that he was working full duty, and although he was still experiencing swelling, he was doing "okay." Dr. Dolan noted stiffness and diffuse swelling and prescribed steroids to "knock out the rest of the swelling."

Mr. Lucia testified that when he returned to work, he had pain, weakness, and numbness in his right hand. His hand was stiff, and he frequently dropped items. He testified that he did not have these problems before his injury.

When he returned to Dr. Dolan a month later, Mr. Lucia informed him of his continuing problems. Dr. Dolan believed Mr. Lucia suffered from carpal tunnel syndrome and ordered a nerve test, which showed "moderately severe median neuropathy" in the right wrist.

After reviewing the test, Dr. Dolan observed that Mr. Lucia "clearly" had carpal tunnel syndrome. He said that Mr. Lucia never had symptoms before and that "he has had a great deal of work done and a lot of swelling. He has a textbook carpal tunnel exacerbation." He recommended a carpal tunnel release.

DSV then sent the recommendation through utilization review, and the reviewer agreed that the recommended surgery was reasonable and necessary. Still, DSV denied surgery on causation grounds.

Mr. Lucia's counsel sent a letter to Dr. Dolan in March 2023 that asked him to check "yes" or "no" as to whether the "carpal tunnel surgery to [Mr. Lucia's] right hand [is] medically necessary as a result of his work injury of June 10, 2021." Dr. Dolan checked

"yes."

Mr. Lucia testified that he continues to experience swelling, pain, numbness, stiffness, and weakness in his right hand. He said that he has suffered from these symptoms since his June 2021 accident. He frequently drops items and cannot sleep at night because his symptoms wake him. While he can work full duty, he now uses his left hand to perform any tasks that require strength and force.

On cross-examination, Mr. Lucia disputed that his symptoms ever fully resolved after his surgery. He was also questioned about a March 2022 physical therapy record that noted his lack of progress but said that "[he] does operate a farm, and I suspect soreness in wrist is prolonged due to overuse." Mr. Lucia admitted to caring for his livestock but denied ever telling the therapist that he hurt his hand while tending to his farm.

**Findings of Fact and Conclusions of Law**

At this stage, DSV is not disputing that Mr. Lucia sustained a work-related injury to his right hand in June 2021, that required surgery, or that Mr. Lucia now suffers from right carpal tunnel syndrome that also requires surgery. However, DSV does dispute whether Mr. Lucia's carpal tunnel syndrome is causally related to the June 2021 work incident, thus requiring its obligation to pay for the surgery. To recover, Mr. Lucia must present evidence from which this Court can determine he is likely to prove this causal connection at a hearing on the merits. *See generally McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *9 (Mar. 27, 2015).

To establish causation, Mr. Lucia must show to a "reasonable degree of medical certainty that the aggravation arose primarily" out of his work-related injury. Tenn. Code Ann. § 50-6-102(12)(A) (2022). He must also prove that this "contributed more than fifty percent" in causing his disablement and need for treatment. Tenn. Code Ann. § 50-6-102(12)(C). "Reasonable degree of medical certainty" means "it is more likely than not considering all causes, as opposed to speculation or uncertainty." Tenn. Code Ann. § 50-6-102(12)(D). Given that the standard requires "medical certainty," causation must be shown through an expert medical opinion. *Id*.

DSV contended that Mr. Lucia might have suffered a new injury that led to carpal tunnel syndrome after he recovered from his surgery. However, other than a therapist's supposition that Mr. Lucia may have overused his wrist while working on his farm, DSV pointed to no significant evidence to support this contention. *See Lurz v. Int'l Paper Co.,* 2018 TN Wrk. Comp. App. Bd. LEXIS 8, at *17 (Feb. 14, 2018) (parties and their lawyers cannot rely solely on their own medical interpretations of the evidence to successfully support their arguments).

Mr. Lucia asserted that he has suffered from pain, numbness, stiffness and swelling

in his hand since his injury and that his symptoms never completely resolved. He further denied that he injured his hand while working on his farm or that he said he had to his therapist. The Court finds Mr. Lucia to be honest, candid, and forthright in his testimony, which was credible in all respects. Further, the Supreme Court has consistently held that an employee's assessment about his own physical condition is competent testimony that is not to be disregarded. *Limberakis v. Pro-Tech Sec., Inc.,* 2017 TN Wrk. Comp. App. Bd. LEXIS 53, at *5-6 (Sept. 12, 2017).

Dr. Dolan clearly related Mr. Lucia's carpal tunnel syndrome to a "textbook" exacerbation from his surgery and resulting swelling. DSV argued that the word "exacerbation" implied preexisting carpal tunnel syndrome. But it did not offer any medical proof to support this argument, and Mr. Lucia testified he did not have any problems before his injury. Further, based on the context, the Court interprets "exacerbation" in Dr. Dolan's note to mean that carpal tunnel syndrome is a common complication from Mr. Lucia's injury and course of treatment. Dr. Dolan reinforced his causation opinion by agreeing that a carpal tunnel release was reasonably necessary "as a result of" the June 2021 injury. DSV did not submit any contrary evidence.

The Appeals Board has consistently held that under the direct and natural consequences rule, "all the medical consequences and sequelae that flow from the primary injury are compensable." *Hudgins v. Global Personnel Solutions, Inc.,* 2023 TN Wrk. Comp. App. Bd. LEXIS 22, at *14, 15 (Apr. 26, 2023), *appeal docketed,* No. E2023-00792-SC-R3-WC (Tenn. Workers' Comp. Panel May 25, 2023). The Court holds that the direct and natural consequences rule applies in this case, and Mr. Lucia is likely to prove that the carpal tunnel syndrome for which he requires treatment is primarily due to his work-related injury from June 2021.

Finally, Dr. Dolan concluded that a carpal tunnel release was reasonably necessary for treating Mr. Lucia's carpal tunnel syndrome. Utilization Review agreed, and DSV did not introduce any opposing opinion. Thus, the Court holds that Mr. Lucia is likely to prove that his carpal tunnel syndrome is causally related to his work injury and that surgery is reasonably necessary to treat it.

Mr. Lucia's request for attorney's fees is deferred until the compensation hearing. *See Travis v. Carter Express, Inc.,* 2019 TN Wrk. Comp. App. Bd. LEXIS 25, at *13, 14 (June 24, 2019). However, this case is referred to the Bureau's Compliance Program to determine if a penalty should be assessed under Tennessee Code Annotated section 50-6-118(a)(8) for failure to timely provide reasonable and necessary medical treatment recommended by the authorized treating physician.

IT IS, THEREFORE, ORDERED THAT:

1. DSV shall authorize Dr. Dolan to provide reasonable and necessary medical

treatment for Mr. Lucia's carpal tunnel syndrome, including surgery.

2. Mr. Lucia's request for attorney's fees is deferred, but this case is submitted to the Bureau's Compliance Program to determine if, and to what extent, a penalty is warranted under Tennessee Code Annotated section 50-6-118(a)(8).

3. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance might result in a penalty assessment for non-compliance. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email at WCCompliance.Program@tn.gov.

4. This case is set for a Scheduling Hearing on **July 24, 2023, at 10:00 a.m. Central Time**. The parties must call 615-253-0010. Failure to appear might result in a determination of the issues without the party's participation.

**ENTERED June 1, 2023.**

_____
**ROBERT DURHAM, JUDGE**
**Court of Workers' Compensation Claims**

# APPENDIX

Technical Record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Mr. Lucia's Witness and Exhibit List
5. Mr. Lucia's Pre-Hearing Brief
6. DSV's Response to Hearing Request

Exhibits:
1. Affidavit of Carlton Lucia
2. Collective Exhibit of Medical Records
3. Utilization Review Report
4. Dr. Dolan's Causation Letter

## CERTIFICATE OF SERVICE

I certify that a copy of the Order was sent as indicated on June 1, 2023.

| Name | Certified Mail | Email | Service sent to: |
|------|---------------|-------|------------------|
| Charles Hicks | | X | Office@hickslawfirm.net |
| Kristen Stevenson | | X | kcstevenson@mijs.com |
| Compliance Program | | X | WCCompliance.Program@tn.gov |

**PENNY SHRUM, Court Clerk**
WC.CourtClerk@tn.gov



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies). Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____     ☐ Motion Order filed on _____

☐ Compensation Order filed on_____     ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

## Parties

**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*